IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                ) | CR. NO.:2:08 cr 49 MEF - SRW |
| ) | |
| RICHARD JAMES MARSHALL   ) | |

## MOTION TO SUPPRESS EVIDENCE

Comes now the Defendant, Richard James Marshall, by and through undersigned counsel, Aylia McKee, and moves this Court for an order suppressing all evidence illegally seized in this case on June 28, 2005, by Drug Task Force Agents Lt. Christopher West and LaShawn Hutson.

### Facts

Mr. Richard James Marshall is a 34 year old African-American male. On June 28, 2005, Mr. Marshall was driving a 1976 Chevrolet Nova (the vehicle). The vehicle was also occupied by 27 year old Kelvin Jerome Carmichael (passenger), Mr. Marshall's cousin, from the Montgomery area. While operating the vehicle, neither Mr. Marshall nor his passenger were engaged in any illegal activity. Mr. Marshall was also operating the vehicle in a safe manner and in compliance with all Alabama motor vehicle laws. As it was a warm summer afternoon and the vehicle's air conditioning system was not functioning properly at the time, the windows of the vehicle were lowered so the outside air could cool the car. Mr. Marshall also had his radio playing.

On June 28, 2005, at approximately 12:00 p.m., Mr. Marshall was lawfully driving on Lowndes County Road 7 when he observed a Lincoln Town Car (the Lincoln) approaching from the opposite direction at a high rate of speed. The Lincoln braked sharply upon nearing Mr. Marshall's vehicle, turned around and began to follow Mr. Marshall. According to Agent West's report, the

agents elected to stop Mr. Marshall for violating Alabama's seat belt requirement.

The Lincoln pulled alongside Mr. Marshall's vehicle and Mr. Marshall observed two African American males wearing black T-shirts. At this time, neither the passenger nor the driver identified himself as a law enforcement officer. The passenger waved a pistol and gestured for Mr. Marshall to pull over and stop. Neither Mr. Marshall nor his passenger knew the identity of the two African American males in the Lincoln. Mr. Marshall continued to drive. At that point, the Lincoln rammed Mr. Marshall's vehicle in the rear. The driver of the Lincoln rammed Mr. Marshall's car several times before causing the vehicle to spin out of control. The vehicle finally came to a stop on an incline off the roadway. After the vehicle came to a stop, both Agents exited the Lincoln with their guns drawn. Agent West pointed his firearm at Mr. Marshall and fired one round in the immediate vicinity of where Mr. Marshall was standing in the doorway of the vehicle.

Mr. Marshall did not resist and he was placed in handcuffs. Agent West proceeded to frisk Mr. Marshall in such a manner that Mr. Marshall's pants were ripped off in the process. Although Mr. Marshall's consent to search was never inquired about or obtained by either agent, nevertheless, a search of Mr. Marshall's vehicle was conducted and a firearm was located on the seat. The firearm was seized and this prosecution was initiated. Mr. Marshall was issued a courtesy warning for attempting to elude[1] and no seat belt.

The Lincoln Town Car driven by the agents was not the type of vehicle typically known or recognized by the general public as a law enforcement vehicle; the Lincoln did not have any

---

[1] Attempting to elude is located in Alabama Code section 32-5A-193(a) (1975) and states:
"Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle, when given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a misdemeanor. The signal given by the police officer may be by hand, voice, emergency light or siren."

markings identifying it as a law enforcement vehicle; and the Lincoln was not equipped with standard emergency equipment typically associated with marked or unmarked law enforcement vehicles, i.e. light bars and/or sirens. Additionally, both agents were in plain clothes (i.e. black T-shirts).

On information and belief, no circumstances were present under which this traffic stop met the requirements of the Fourth Amendment.

Mr. Marshall moves to suppress the stop of the vehicle.[2]

### Issues Presented

1. The stop, and warrantless search and seizure, of Mr. Marshall were unjustified by any circumstances and were in violation of the Fourth Amendment.

### Argument

The stop of Mr. Marshall's vehicle was not based upon probable cause or reasonable suspicion indicating that he had violated any traffic laws. Therefore, the subsequent stop, search and seizure were improper. The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." Const. Amend IV. "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment -- subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 88 S.Ct. 507, 514 (1967) (internal citations omitted).

One of those exceptions is the stop of a vehicle. However, police may only stop a vehicle

---

[2] This motion is grounded upon the defense's good faith belief Agents West and Hutson lacked probable cause to stop the vehicle. Therefore, any subsequent search was constitutionally prohibited. Based upon the discovery provided, the defense is not moving to suppress the search based upon a lack of probable cause for the search (i.e. the officers' reports indicate they observed the firearm on the seat). However, the defense reserves the right to raise this issue if evidentiary hearing testimony indicates this reported information is incorrect.

if the totality of circumstances show that there is probable cause to believe occupant(s) have violated the law (i.e. committed a traffic violation or some other offense). *United States v. Arvizu*, 122 S.Ct. 744 (2002). And though a police officer may order an individual out of the vehicle once it is stopped, there must be some legitimate basis (i.e. traffic violation) for the stop of the vehicle. *Wren v. United States*, 517 U.S. 806 (1996); *Pennsylvania v. Mimms*, 434 U.S. 106 (1977).

In *United States v. Jones,* 619 F.2d 494 (5th Cir. 1980)*,* the court confronted a factual situation similar to the present case. Although *Jones* did not involve a vehicle stop the court addressed whether a defendant's flight during a pursuit by a plain clothes officer in an unmarked car lends any support to an officer's reasonable suspicion that criminal activity is afoot. In *Jones*, the officers (2) were riding in an unmarked car and neither officer was in uniform. While riding, the officers observed the defendant and thought the defendant fit the description of a robbery suspect and attempted to stop the defendant as he walked. However, the defendant crossed the street every time the officers pulled along side the defendant and attempted to make contact. This occurred four or five times. Finally, without identifying himself, the officer shouted at the defendant to stop and the defendant ran into a nearby wooded area. The defendant was subsequently arrested and searched. The officers found a firearm 20 steps from where the defendant was located and bullets in the defendant's pocket.

The court ruled that "Jones' evasive actions and flight from two strange men riding in an unmarked car and exhibiting no indicia of lawful authority were only natural reactions to the circumstances." *United States v. Jones,* 619 F.2d 494, 498 (5th Cir. 1980). "While a person's flight from law enforcement officers may be a fact used to support an officer's reasonable suspicion that criminal activity is afoot, see, e.g., *United States v. Agostino*, 608 F.2d 1035, 1038 (5th Cir. 1979)," the officer "had no reason to suspect that Jones was consciously trying to evade a law enforcement

officer." *Id*  The officer, " being in plain clothes and not having identified himself, could not reasonably have believed that Jones knew that he was being pursued by a policeman.  The court held the stop was illegal; therefore, Jones' arrest and the search incident to that arrest are constitutionally infirm.  *Id* (citing *Wong Sun v. United States, 371 U.S. 471, 83 S.Ct..407 (1963); United States v. Robinson*, 535 F.2d 881, 883 (5th Cir. 1976))

As in *Jones,* Mr. Marshall did not know the two African American males in the unmarked Lincoln Town Car were officers and, therefore, Mr. Marshall continued to drive.  Despite how Mr. Marshall's decision to continue driving might have subjectively appeared to Agents West and Hutson, no reasonable officer, under the circumstances, would believe that Mr. Marshall consciously tried to evade a law enforcement officer.

In this case, there was no justification for the stop.  Mr. Marshal was not violating any traffic rules or laws.  Additionally, the officers had no cause to believe he was engaged in any illegal conduct.  Mr. Marshal's stop was pre-textual.  Mr. Marshal was stopped simply so that Agents West and Hutson could "go fishing" and see if they could find cause to search Mr. Marshall and his vehicle.  Mr. Marshall and his passenger utilized the original seat belt restraints manufactured in the 1976 vehicle and neither were aware that the Lincoln attempting to stop them was operated by law enforcement.  Because the stop was pre-textual and not grounded upon a vehicle infraction or criminal conduct, the subsequent search must be suppressed.

**WHEREFORE,** Mr. Marshall asks that after an evidentiary hearing, this Court enter an order suppressing all evidence seized subsequent to the illegal vehicle stop.

Respectfully submitted,

**s/Aylia McKee**
**AL Bar No.  6178**

Attorney for Mr. Taylor
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
TEL: (334) 834-2099
FAX: (334) 834-0353

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **CR. NO.:2:08 cr 49 MEF - SRW** |
| ) | |
| **RICHARD JAMES MARSHALL** ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Jerusha Adams, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104


Respectfully submitted,


**s/Aylia McKee**
**AL Bar No.  6178**
Attorney for Mr. Taylor
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353