IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:08-cr-49-MEF |
| | ) | |
| RICHARD JAMES MARSHALL | ) | |

UNITED STATES' RESPONSE TO MOTION TO SUPPRESS EVIDENCE

Comes now the United States of America, by and through Leura G. Canary, United States

Attorney for the Middle District of Alabama, and files the instant Response to Defendant Richard

James Marshall's Motion to Suppress Evidence. (Doc. # 11.) For the reasons set forth below, the

United States submits that the motion to suppress should be denied absent an evidentiary hearing.

## I.  BACKGROUND[1]

On June 28, 2005, Second Judicial Drug Task Force Commander Chris West[2] and Task Force

Officer G. LaShawn Hutson[3] were investigating drug activity in Lowndes County, Alabama.  West

had received information that Defendant was selling crack cocaine and marijuana at his residence

so West and Hutson, dressed in plain clothes and driving an unmarked Lincoln Town car, went to

Defendant's residence to attempt a "knock-and-talk" investigation.  The "knock-and-talk" proved

unsuccessful as no one answered when West and Hutson knocked on the door of Defendant's

residence.  West and Hutson then departed Defendant's residence and proceeded to drive toward

---

[1]  Because hearsay is permitted in this matter, the United States submits exhibits supporting its motion.  *See* Fed. R. Evid. 104(a).

[2]  West is also a deputy with the Lowndes County Sheriff's Department with the rank of Lieutenant.

[3]  At all relevant times, Hutson was an officer of the Hayneville Police Department.

another location to find Defendant.

At approximately 1:00 p.m., West and Hutson were traveling North on Lowndes County Road 7, with West driving and Hutson in the front passenger seat, when they observed Defendant driving southbound in an older model, blue, Chevrolet Nova with a person, later identified as Defendant's cousin, Kelvin Jerome Carmichael, riding in the front passenger seat. Having received information that Defendant drove such a vehicle, West made a U-turn and proceeded closer to Defendant's vehicle. West observed that Defendant was not wearing a seatbelt. West thus concluded that there was probable cause to stop Defendant's vehicle so he initiated a traffic stop by activating and placing a portable, law enforcement blue light on the dashboard of the unmarked vehicle. Defendant did not stop his vehicle.

With the blue light activated, West continued to initiate a traffic stop by pursuing Defendant's vehicle. On two occasions during the chase, West drove the unmarked vehicle, with its windows open, alongside Defendant's vehicle, which also had its windows open.[4] On the first occasion, Hutson, identifying himself as law enforcement by holding his badge up in one hand, yelled to Defendant to pull over. Despite Hutson's request, Defendant continued to drive and verbally refused to stop the vehicle. On the second occasion, Hutson, while holding his badge up in one hand and the activated blue light up in the other hand, and West, while holding his badge up in one hand, both yelled to Defendant to pull over. Notwithstanding law enforcement's visual and audible signals to Defendant to bring his vehicle to a stop, Defendant verbally refused to stop his vehicle and continued to flee.

---

[4] During these occasions, the passenger side of West's vehicle was in close proximity and parallel to the driver side of Defendant's vehicle.

At one point in the chase, Defendant threw what appeared to be drug evidence out of the driver side of his vehicle. The evidence, which West believed to be a plastic bag containing narcotics, hit the windshield of West's vehicle.[5] After pursuing Defendant's vehicle for another couple miles, West forced Defendant's vehicle to exit the highway and a traffic stop was conducted. After Defendant's vehicle was stopped, Defendant appeared to be under the influence of a controlled substance, conducted himself in an extremely violent manner, and had to be forced to the ground to be handcuffed. After placing Defendant in handcuffs, West looked inside Defendant's vehicle and observed a .357 chrome revolver[6] lying in plain view on the front, bench-style seat, next to where Defendant had been seated. West also observed bullets lying on the floorboard and in the open ashtray of Defendant's vehicle. Hutson, after placing, Carmichael in handcuffs, also looked inside Defendant's vehicle and observed the firearm and ammunition lying in plain view. Marshall received a courtesy warning for attempting to elude law enforcement and failure to wear a seat belt. (Ex. 1.)

## II.  ARGUMENT

### A.    No Evidentiary Hearing is Required to Resolve Defendant's Motion to Suppress.

The United States contends that no evidentiary hearing is required since the critical facts surrounding the traffic stop are not in dispute and the matter can be resolved on the record alone. "The Constitution does not impose a *per se* rule requiring an evidentiary hearing in every case." *United States v. Brown,* 441 F.3d 1330, 1349 -1350 (11th Cir. 2006) (citing *Watkins v. Sowders,* 449

---

[5]  Subsequently, West retrieved this evidence and submitted it for analysis. Lab results on the evidence indicated that neither fingerprints nor evidence of a controlled substance were found.

[6]  This firearm was loaded.

U.S. 341, 349 (1981)); *see United States v. Smith,* 546 F.2d 1275, 1279-80 (5th Cir. 1977) (holding

that "[a]n evidentiary hearing is not required where none of the critical facts are in dispute and the

facts as alleged by the defendant if true would not justify the relief requested" (quotation marks

omitted)).[7]

       Here, Defendant's motion failed to allege sufficient facts to warrant a hearing on his claim

that suppression is appropriate.  In his motion, Defendant alleges that law enforcement stopped him

"for violating Alabama's seat belt requirement" (Doc. # 11 at 1-2) and notes that he was issued a

courtesy warning for attempting to elude and failing to wear a seat belt (*Id*. at 2).  Defendant then

argues in his motion that no probable cause existed to stop his vehicle for attempting to elude law

enforcement because Defendant did not know that West and Hutson were law enforcement.[8]  (Doc.

# 11 at 4-5.)  In his motion, Defendant conspicuously ignores the fact that West had probable cause

to believe that Defendant was not wearing a seatbelt, as identified in the courtesy warning.  (*See* Ex.

1.)  Although Defendant asserts in his motion that he was operating his vehicle "in compliance with

all Alabama motor vehicle laws" (Doc. # 11 at 1) and argues that he "and his passenger utilized the

original seat belt restraints manufactured in the 1976 vehicle" (*Id*. at 5), Defendant's actual sworn

testimony proves the contrary.  Indeed, Defendant testified in a deposition that neither he nor the

---

    [7]  In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    [8]  Contrary to Defendant's assertion, Carmichael provided a written statement to law enforcement indicating that "by the time [he] looked for [himself at the vehicle alongside Defendant's vehicle] and realized that it was the police [he] adviced [sic] [his] cousin to pull over. . . ." (Ex. 2)

passenger, Carmichael, were wearing seatbelts during the event at issue.  (Ex. 3 at 28-29.)[9]  Because

Defendant's own testimony does not contradict, but rather supports, the reasoning proffered by West

for initiating the traffic stop (i.e., the seat belt violation), the critical fact at issue is not in dispute and

an evidentiary hearing is not necessary.[10]  *See United States v. Cooper,* 203 F.3d 1279, 1285 (11th

Cir. 2000) (affirming denial of motion for an evidentiary hearing where underlying motion to

suppress was "wholly lacking in sufficient factual allegations").  Accordingly, in the interest of

preserving judicial resources and time, the United States submits that Defendant's motion can be

resolved without an evidentiary hearing.

**B.      The Court Should Deny Defendant's Motion Because Probable Cause Existed to
         Believe that a Traffic Violation Occurred.**

     Defendant argues in his motion to suppress that the traffic stop was pretextual and conducted

without reasonable suspicion or probable cause.  It is well-established that:

> The Fourth Amendment guarantees "[t]he right of the people to be secure in their
> persons, houses, papers, and effects, against unreasonable searches and seizures."
> Temporary detention of individuals during the stop of an automobile by the police,
> even if only for a brief period and for a limited purpose, constitutes a "seizure" of
> "persons" within the meaning of this provision.  An automobile stop is thus subject
> to the constitutional imperative that it not be "unreasonable" under the circumstances.
> As a general matter, the decision to stop an automobile is reasonable where the police

---

   [9]  Defendant has filed suit against West and Hutson individually in this Court under 42 U.S.C. § 1983.  *See Marshall v. West,* 2:06-cv-701-ID.  Defendant's deposition transcript is a public document as it was submitted as evidence in support of and in opposition to the motions for summary judgment filed by West and Hutson.  *See Marshall,* 2:06-cv-701-ID at Doc. # 30, Ex. 1; Doc. # 33, Ex. E; Doc. # 38, Ex. 1.  Furthermore, in the initial discovery provided to Defendant, the United States included a copy of Defendant's response to West's requests for admissions wherein Defendant admitted to not wearing a seat belt during the event in question.  (Ex. 4 at ¶ 6.)

   [10]  The United States contends that Defendant should not be allowed to make inaccurate allegations in a motion to suppress simply in order to engage in a fishing expedition with government witnesses during a suppression hearing when the critical facts are not in dispute.

have probable cause to believe that a traffic violation has occurred.

*Whren v. United States*, 517 U.S. 806, 809-10 (1996) (citations omitted).

The United States submits that Defendant's challenge to the legality of the stop is without merit. "Law enforcement [officers] may stop a vehicle when there is probable cause to believe that the driver is violating any one of the multitude of applicable traffic . . . regulations relating to the operation of motor vehicles." *United States v. Cooper*, 133 F.3d 1394, 1398 (11th Cir. 1998) (internal citation omitted). In this case, West initiated a traffic stop of Defendant's vehicle because he observed that Defendant, the driver, was not wearing his seatbelt[11] which is a violation of Alabama's motor vehicle and traffic laws. *See* Ala. Code § 32-5B-4 (1975) ("Each front seat occupant of a passenger car manufactured with safety belts . . . shall have a safety belt properly fastened about his body at all times when the vehicle is in motion."). Hence, West had probable cause to stop Defendant's vehicle and the stop of the vehicle was lawful.[12]

Further, Defendant's argument that the stop was pretextual is unavailing as West's motive is immaterial to the objective Fourth Amendment inquiry. As elucidated by the Eleventh Circuit, "ulterior motives will not invalidate police conduct based on probable cause to believe a violation of the law occurred." *Draper v. Reynolds*, 369 F.3d 1270, 1275 (11th Cir. 2004); *see also Whren*, 517 U.S. at 813 (foreclosing any argument that "the constitutional reasonableness of traffic stops depends on the actual motivations of the individual officers involved"); *United States v. Robinson*,

---

[11] (Ex. 5 at 19.) This exhibit was submitted as evidence in support of and in opposition to the motions for summary judgment filed by West and Hutson. *See Marshall*, 2:06-cv-701-ID at Doc. # 30, Ex. 2; Doc. # 33, Ex. A ; Doc. # 38, Ex. 3.

[12] Because Defendant does not challenge the search of the vehicle nor seizure of the firearm, the United States pretermits argument on those issues.

-6-

2008 WL 874833, *4 (11th Cir. 2008) ("When an officer has probable cause to believe that a traffic violation has occurred the decision to stop a vehicle will not violate the Fourth Amendment, regardless of the officer's subjective intent or motivation.") (citation omitted).  Thus, because West possessed probable cause to believe that Defendant committed a traffic violation, the stop was not violative of the Fourth Amendment.

### III.  CONCLUSION

For the above reasons, the United States respectfully requests that the Court deny Defendant's Motion to Suppress.

Respectfully submitted this the 9th day of June, 2008.


LEURA G. CANARY
UNITED STATES ATTORNEY


/s/   Jerusha T. Adams
JERUSHA T. ADAMS
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
334-223-7280 phone    334-223-7135   fax
jerusha.adams@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA  )
           )
    v.       )  CR. NO.  2:08-cr-49-MEF
           )
RICHARD JAMES MARSHALL  )

## **CERTIFICATE OF SERVICE**

   I hereby certify that on June 9, 2008, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to the following: Aylia

McKee.

         Respectfully submitted,


         LEURA G. CANARY
         UNITED STATES ATTORNEY


         /s/  Jerusha T. Adams
         JERUSHA T. ADAMS
         Assistant United States Attorney
         Post Office Box 197
         Montgomery, Alabama 36101-0197
         334-223-7280 phone    334-223-7135   fax
         jerusha.adams@usdoj.gov