IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08-cr-049-MEF |
| | ) | (WO) |
| RICHARD MARSHALL | ) | |

# **O R D E R**

On October 7, 2008, the defendant filed an Unopposed Motion to Continue Trial (Doc. #32). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

The motion states that the defendant filed a motion to dismiss for failure to state an offense which is pending. The parties are attempting to reach a negotiated disposition in the event that the court does not rule in defendant's favor with regard to the motion to dismiss. Counsel for the government does not oppose a continuance. Consequently, the court

concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. *See United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1. That the defendant's motion filed on October 7, 2008 is GRANTED;

2. That the trial of this case is continued from the October 20, 2008 trial term to the February 9, 2009 trial term in Montgomery, Alabama.

3. That the Magistrate Judge conduct a pretrial conference prior to the February 9, 2009 trial term.

DONE this the 7th day of October, 2008.

                                        /s/ Mark E. Fuller
                                  CHIEF UNITED STATES DISTRICT JUDGE