Case 2:08-cr-00049-MEF-SRW   Document 40   Filed 01/13/09   Page 1 of 28

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08cr49-MEF |
| | ) | WO |
| RICHARD JAMES MARSHALL | ) | |

**RECOMMENDATION AND ORDER[1] OF THE MAGISTRATE JUDGE**

This case is before the court on defendant's motion to dismiss (Doc. # 31), in which defendant contends that the indictment fails to allege sufficiently all of the elements of the offense charged, because it "does not contain any allegation of the use or attempted use of physical force, or threatened use of a deadly weapon, or an allegation of the existence of a domestic relationship." Motion to Dismiss Indictment at 7. For the reasons discussed below, the motion to dismiss is due to be denied.

**Discussion**

Defendant is charged in a one-count indictment as follows:

On or about June 28, 2005, in Lowndes County, Alabama, within the Middle District of Alabama, the defendant,

RICHARD JAMES MARSHALL,

having been previously convicted in a court of a misdemeanor crime of domestic violence under the laws of the State of Alabama, to-wit: Harrassment in the District Court of Tuscaloosa, Alabama (DC-98-424), knowingly possessed in and affecting commerce a firearm and ammunition, that is:

(1) A loaded Rossi, .357 Caliber Revolver, a better description of which is unknown to the Grand Jury; and

---

[1] See footnote 5, below.

Case 2:08-cr-00049-MEF-SRW   Document 40   Filed 01/13/09   Page 2 of 28

(2)  Fifty-two live rounds of .357 Magnum ammunition, a better description of which is unknown to the Grand Jury.

All in violation of Title 18, United States Code, Section 922(g)(9).

Section 922(g)(9) makes it unlawful for any person "who has been convicted in any court of a misdemeanor crime of domestic violence,  to ... possess in or affecting commerce, any firearm or ammunition ... which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. §922(g)(9). The term "misdemeanor crime of domestic violence" is defined to include an offense that "(i) is a misdemeanor under ... State ... law; and (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim." 18 U.S.C. § 921(a)(33)(A).

In this case, the indictment closely tracks the language of § 922(g)(9), alleging that Marshall was "previously convicted in a court of a misdemeanor crime of domestic violence under the laws of the State of Alabama," and that he "knowingly possessed in and affecting commerce a firearm and ammunition." To this language, the indictment adds additional facts: the date and place of the alleged federal offence ("On or about June 28, 2005, in Lowndes County, Alabama"); the misdemeanor offense of which Marshall was previously convicted ("Harrassment"); the court of conviction and case number ("the District Court of Tuscaloosa, Alabama (DC-98-424)"); and the specific firearms and ammunition which defendant allegedly possessed ("A loaded Rossi, .357 Caliber Revolver, a better description of which is unknown to the Grand Jury" and "[f]ifty-two live rounds of .357

Case 2:08-cr-00049-MEF-SRW   Document 40   Filed 01/13/09   Page 3 of 28

Magnum ammunition, a better description of which is unknown to the Grand Jury"), as well as a reference to the federal statute allegedly violated ("All in violation of Title 18, United States Code, Section 922(g)(9)").

However, defendant contends that the indictment fails to allege several elements of the offense charged – specifically, the use or attempted use of physical force, or threatened use of a deadly weapon, or an allegation of the existence of a domestic relationship. In other words, defendant maintains that, in order to be sufficient, the indictment must allege not only those elements of the offense specifically required by the text of § 922(g)(9) itself – that is, a previous conviction in a court of a misdemeanor crime of domestic violence and the knowing possession of a firearm in and affecting interstate commerce – but also the component parts of a "misdemeanor crime of domestic violence" – that is, the use or attempted use of physical force and the domestic relationship[2] that are referenced in the statutory definition set out in 18 U.S.C. § 921(a)(33)(A). Thus, the question before the court is whether the legal definition of the term "misdemeanor crime of domestic violence" introduces elements that must be alleged in addition to those required by the plain language of § 922(g)(9). This inquiry is important because "[a] criminal conviction will not be

_____

[2] The court notes that under current Eleventh Circuit case law the domestic relationship referenced in § 921(a)(33)(A)(ii) need not be an element of the predicate misdemeanor conviction. See United States v. Griffith, 455 F. 3d 1339, 1345-46 (11th Cir. 2006). As defendant correctly points out, the United States Supreme Court has granted *certiorari* on the issue of whether the predicate misdemeanor offense must have as an element a domestic relationship between the victim and the offender, in order to resolve a split in the circuits. United States v. Hayes, 482 F. 3d 749, *cert. granted*, 128 S. Ct. 1702 (4th Cir. 2007). However, a domestic relationship must, like the use or attempted use of physical force, be proved for a conviction under the federal statute, although – as will be seen below – neither of these need be specifically alleged in the indictment, so long as a prior conviction for a "misdemeanor crime of domestic violence" is properly alleged.

3

Case 2:08-cr-00049-MEF-SRW   Document 40   Filed 01/13/09   Page 4 of 28

upheld if the indictment upon which it is based does not set forth the essential elements of the offense." United States v. Fern, 155 F.3d 1318, 1324-1325 (11th Cir. 1998) (citation omitted). "This rule serves two functions. First, it puts the defendant on notice of 'the nature and cause of the accusation as required by the Sixth Amendment of the Constitution. Second, it fulfills the Fifth Amendment's indictment requirement, ensuring that a grand jury only return an indictment when it finds probable cause to support all the necessary elements of the crime.'" Id. at 1325 (citation omitted).

The Eleventh Circuit has not specifically enumerated the elements of a 922(g)(9) charge, but it has intimated in *dicta* that these consist of, in relevant part: (1) proof that defendant knowingly possessed the firearm, (2) that he had the "qualifying ... misdemeanor crime of domestic violence conviction[],"and (3) "that the gun affected interstate commerce." See United States v. Pruitt, 2008 WL 5007203 at * 1 and n. 2 (11th Cir. 2008).[3] The Fifth Circuit's more explicit statement of the elements of this offense is consistent with the elements suggested in Pruitt. In United States v. Bethurum, 343 F.3d 712 (5th Cir. 2003), that Court determined that, "[b]y its text, § 922(g)(9) states three required elements: (1) the accused possessed, shipped, or transported a firearm (2) that had traveled in or affected interstate commerce (3) after the accused had been convicted of a misdemeanor crime of domestic violence. 18 U.S.C. § 922(g)(9); cf. United States v. Daugherty, 264 F.3d 513, 515 (5th Cir.2001) ('Section 922(g)(1) has three requirements: (1) that the defendant previously have been convicted of a felony; (2) that he possessed a firearm; and (3) that the firearm

---

[3] Pruitt refers to a prior case, United States v. Griffith, 455 F. 3d 1339, 1340-41 (11th Cir. 2006), as "noting the elements of a section 922(g)(9) offense." Pruitt, 2008 WL 5007203 at * 1. However, Griffith does not specifically set out these elements, instead primarily addressing the elements of the predicate misdemeanor offense.

Case 2:08-cr-00049-MEF-SRW   Document 40   Filed 01/13/09   Page 5 of 28

traveled in or affected interstate commerce.') (internal quotations and citations omitted)." Id. at 716. The Fifth Circuit explained that "[t]he essential elements of a violation of § 922(g)(9) are set forth in § 922(g)(9) itself; § 921(a)(33) simply provides a legal definition of the term 'misdemeanor crime of domestic violence' used in § 922(g)(9)." Bethurum, 343 F. 3d at 717.[4]

Thus, under the reasoning of Bethurum, a prior conviction for a "misdemeanor crime of domestic violence" is an element of § 922(g)(9) that must be alleged in the indictment, but the fact that the statute further defines that term of art does not add elements or compel additional allegations. To put this point another way, charging a legal term of art in an indictment is sufficient to charge the component parts of that term. See Hamling v. United States, 418 U.S. 87, 118-119 (1974) (A legal definition is "is not merely a generic or descriptive term, but a legal term of art" which does not change with each indictment; it is "a term sufficiently definite in legal meaning to give a defendant notice of the charge against him," and the various component parts of the legal definition need not be alleged in the indictment in order to establish its sufficiency.); United States v. Wicks, 187 F.3d 426, 428-429 (4th Cir. 1999) (A term of art defined by statute adequately charges the necessary element of the offense, and the component parts need not be alleged to render the indictment sufficient, as "charging a legal term of art in an indictment sufficiently charges the component parts of the term."); see also United States v. Kovach, 208 F.3d 1215, 1219 (10th Cir. 2000). Thus, the court concludes that the indictment adequately sets forth all the elements necessary to constitute the offence intended to be punished in this case. Hamling, 418 U.S. at 118.

---

[4] In determining the status of § 921(a)(33), the Bethurum Court "look[ed] first to the fact that § 921 is entitled 'Definitions.' 18 U.S.C. § 921. Second, § 921(a)(33) states, 'the term "misdemeanor crime of domestic violence" *means* an offense that....' 18 U.S.C. § 921(a)(33)(A) (emphasis added)." Id.

Case 2:08-cr-00049-MEF-SRW   Document 40   Filed 01/13/09   Page 6 of 28

To the extent that defendant argues in his reply that the indictment is due to be dismissed because the defendant's conviction for the misdemeanor offense of harassment does not qualify as a predicate offense under § 922(g)(9), this argument is without merit. See Defendant's Reply (Doc. # 37 at 3-5). The question of whether the conviction qualifies as a predicate offense does not depend on whether the actual conduct that led to defendant's prior misdemeanor conviction involved physical force. United States v. Griffith, 455 F. 3d 1339, (11th Cir. 2006). Instead, the court must apply the "categorical or element-by-element" approach, and the question in this case turns on whether the state crime defined by statute requires, as an element, the use or attempted use of physical force. Id.

Here, defendant is correct that "the Alabama harassment statute clearly embraces a broad range of conduct that does not necessarily require force." Id. at 4. The statute provides:

    (a)(1)  HARASSMENT.  A person commits the crime of harassment if, with intent to harass, annoy, or alarm another person, he or she either:

        (a)     Strikes, shoves, kicks, or otherwise touches a person or subjects him or her to physical contact;

        (b)     Directs abusive or obscene language or makes an obscene gesture towards another person.

    (2)    For purposes of this section, harassment shall include a threat, verbal or nonverbal, made with the intent to carry out the threat, that would cause a reasonable person who is the target of the threat to fear for his or her safety.

Ala. Code § 13A-11-8 (1975). Ordinarily, in ruling on a motion to dismiss for failure to state an offense, "a district court is limited to reviewing the *face* of the indictment ... ." United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006) (emphasis in original). However, as the Eighth Circuit has noted in a similar context, under the categorical approach, "[i]f the predicate statute reaches a broad range of conduct, this court may expand the inquiry to review the charging papers and jury

instructions, but *only* to determine which part of the statute the defendant violated." United States v. Howell, 531 F. 3d 621, 622-23 (8th Cir. 2008) (emphasis in original). "Where the defendant pled guilty to a predicate offense, this inquiry may include the 'written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Id. at 623; cf. also United States v. Barraza-Ramos, __ F. 3d. __, 2008 WL 5401417, 3-4 (10th Cir. 2008) (Where a state statute defines an offense in multiple ways, and it is not clear under which subpart the defendant was convicted, the court may examine judicial records to determine which part of the statute to analyze, including the terms of the charging document or some comparable judicial record of this information."This inquiry is limited to ascertaining which definition of a crime to evaluate in analyzing whether the crime has as an element the use, attempted use, or threatened use of physical force. ... It is improper to use these sources to determine whether the factual circumstances underlying the conviction involve the use, attempted use, or threatened use of physical force."); United States v. Llanos-Agostadero, 486 F.3d 1194, 1197-98 (11th Cir 2007) (In examining the facts underlying a prior conviction, the district court is generally limited to relying only on the 'charging document[s], written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'").

In this case, the court has obtained, and it hereby takes judicial notice of, the state court file relating to defendant's misdemeanor conviction through Alacourt.com, an service which provides online access to state court records.[5]  In the predicate misdemeanor case, the complaint charges, by means of a box checked next to the relevant subpart of the statute, that defendant "did on or about

---

[5] A complete copy of the file obtained through the court's Alacourt search is attached to this Recommendation. The United States is hereby DIRECTED to file a certified copy of the state court record in this case on or before January 16, 2009.

Case 2:08-cr-00049-MEF-SRW    Document 40    Filed 01/13/09    Page 8 of 28

011098, with the intent to harass, annoy, or alarm another person, to-wit: Shervon Baity, did either (X) strike, shove, kick or otherwise touch the said Shervon Baity, or subject him/her to physical contact by striking her with his hands ....in violation of 13A-011-008(a)(1) of the Code of Alabama, against the peace and dignity of the State of Alabama." Thus, defendant was charged with a violation of Ala. Code § 13A-11-8(a)(1)(a). The docket sheet reflects that on February 11, 1998, defendant pled guilty to the offense charged.

The court is satisfied that subpart (a)(1)(a), the portion of the harassment statute setting out the offense for which defendant was convicted, necessarily involves physical force. The plain meaning of the conduct prohibited by this subpart – "strik[ing], shov[ing], kick[ing] or otherwise touch[ing] a person or subject[ing] him or her to physical contact" – cannot meaningfully be read otherwise under Griffith. As the Griffith Court noted, "[a] person cannot make physical contact ... with another without exerting some level of physical force." Griffith, 455 F. 3d at 1342. Thus, defendant's harassment conviction qualifies as a predicate offense under § 922(g)(9).

### Conclusion

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that defendant's motion to dismiss (Doc. # 31) be DENIED.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before January 23, 2009. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Case 2:08-cr-00049-MEF-SRW   Document 40   Filed 01/13/09   Page 9 of 28

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982). See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982). See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 13th day of January, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

```
ACSO370                ALABAMA JUDICIAL INFORMATION SYSTEM        CASE: DC 98 000424.00
OPER: KEJ                            CASE ACTION SUMMARY
PAGE:  1                            DISTRICT   CRIMINAL                RUN DATE: 01/21/98
================================================================================
IN THE DISTRICT COURT OF TUSCALOOSA                                  JUDGE: DDD
STATE  OF  ALABAMA              VS      MARSHALL  RICHARD  JAMES
CASE: DC 98 000424.00
================================================================================
DOB:                    SEX: M  RACE: B  HT: 0 00  WT: 000    HR:     EYES:
SSN:              ALIAS NAMES:
================================================================================
CHARGE1: HARASSMENT               CODE1: HARA LIT: HARASSMENT        TYP: M
MORE?:      OFFENSE DATE: 01/10/98  AGENCY/OFFICER: UAPD    ANDERS
================================================================================
DATE WAR/CAP ISS:                   DATE ARRESTED: 01/16/98
DATE    INDICTED:                   DATE    FILED: 01/21/98
DATE    RELEASED: 01/10/98          DATE  HEARING:
BOND    AMOUNT:       $500.00       SURETIES:
DATE 1: 02/11/98  DESC: DOCK        TIME: 0900 A
DATE 2:           DESC:             TIME: 0000
================================================================================
   DEF/ATY:                        TYPE:                        TYPE:
PROSECUTOR:
================================================================================
OTH CSE:              CHK/TICKET NO: 9800011800      GRAND JURY:
COURT REPORTER:            SID NO:    000000000
DEF STATUS: BOND          DEMAND:                        OPER: KEJ
================================================================================
DATE    ACTIONS,  JUDGEMENTS,  AND  NOTES
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 2/2/98 | Mailer for 2/11/98 on 1/30/98 & W/subp. W/n. |
| 2/11/98 | D.P.G. State. rec. Batt. Program + 30 days susp. for 2 years (FJ) Explained length of BP & costs. (FJ) |

After full rights given by the court, Defendant voluntarily and intelligently pleads guilty, Judgment Guilty and Defendant fined $_____ and Defendant is hereby sentenced to serve 30 days at hard labor for Tuscaloosa County, it is hereby ordered and adjudged that the execution of the above and foregoing sentence be suspended for a period of 2 yrs pending behavior of the Defendant. Defendant to pay costs and $25 VCA. Clerk may accept partial payments. Case continued to 3/11/98   B.P.

2/11/98

District Judge

$100 + BP 10/31

| 2/11/98 | Order |
| 2/11/98 | Expl. of rights |
| 2/10/98 | Disposition |
| 2/2/98 | Mailer for 3/11/98 |

Case 2:08-cr-00049-MEF-SRW   Document 40   Filed 01/13/09   Page 11 of 28

ACS0369   A L A B A M A   J ● D I C I A L   I N F O R ● T I O N   C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: DC 98 000424.00
JUDGE ID: DDD

STATE OF ALABAMA                    VS   MARSHALL RICHARD JAMES

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 3/11/98 | D Cont — only to 40-w in BP — #2 4-15-98 in full & BP regt |
| 4/6/98 | Mailer for 4/6/98 |
| 4/15/98 | Cont to 6/10/98 ... to be complete |
| 4/15/98 | FCS |
| 5/29/98 | Mailer for 6/10/98 |
| 6/10/98 | SB capias(s) |
| 6/10/98 | FCS report |
| 6-12-98 | Still ... — same capias Writ — |
| 6/13/98 | recall Writ — remit 10 — case |



ALABAMA JUDICIAL DATA CENTER

COURT PAYMENT SYSTEM

TUSCALOOSA COUNTY                              NO: 126203

*** RECEIPT ***                    DATE: 06/18/98
                                   TIME: 10:18:33

CASE: DC 98 000424.00                          BATCH: 98202

RECEIVED FROM: MARSHALL RICHARD JAMES          TYPE: CASH

 AMOUNT: ONE HUNDRED TWENTY TWO AND NO CENTS--------------------$******122.00

     FOR ACCOUNTS:   CM00    COSTS              $69.00
                     CM30    SUBPONE             $8.00
                     CM71    CVCC AS            $12.50
                     CM72    OPS ASS            $12.50
                     S075    HIST FE            $20.00


 *** BALANCE DUE ON THIS CASE IS:      $10.00 ***

 RECEIVED BY: KEJ

0098-424

CHARGE: Domestic Violence (Harassment) WARRANT NO. WR98 000118
CASE NO. 98-01-032

## DEPOSITION AND CHARGE SHEET

Personally appeared before me. Ronald Anders , being by me first duly sworn, deposes and says:

On 01/10/98 at 02:15MT the following incident occurred:

Def: Richard James Marshall Alias NONE

Address: ~~[redacted]~~ State ~~[redacted]~~

DOB: ~~[redacted]~~ Race B Sex M Ht. 5'9" Hair BLK Eyes Bro

did On 1-10-98 at approx 0200 writer R.R Anders responded to Apt 101
McCorvey Hall on a report of a man hitting a female. When writer
arrived at the apt the victim Sherlone Baily was sitting in the hallway
wearing only a pair of panties and holding a torn Tee-shirt. The victim
had swelling under her left eye and scratch mark on her neck. The
complainant is the victims eight year old daughter. At this time writer
talked with the suspect who stated they were arguing and he hit the victim.
The suspect stated the victim hit him also, but no marks were noted
by writer. Writer arrested Richard Marshall for domestic violence
and placed him in the County Jail on a arrest ticket #376.

SWORN to and subscribed
before me this the 16
day of January
19 98

Magistrate

Ronald R Ande
Complainant's Signature

## FILED

FEB 1 9 1998

ELIZABETH HAMNER, CLERK
TUSCALOOSA DISTRICT COURT

Code 1: _____ Code 2: _____ Code 3: _____

Agy.ORI AL30300 Issued to: _____

WITNESS: _____

Case 2:08-cr-00049-MEF-SRW   Document 40   Filed 01/13/09   Page 14 of 28



ALABAMA JUDICIAL DATA CENTER

COURT PAYMENT SYSTEM

TUSCALOOSA COUNTY                                NO: 118180

*** RECEIPT ***                                  DATE: 03/11/78
                                                 TIME: 09:48:38

CASE: DC 98 000424.00                            BATCH: 98126

RECEIVED FROM: MARSHALL RICHARD JAMES            TYPE: CASH

 AMOUNT: FORTY  AND NO CENTS----------------------------------$*******40.00
         -----------------------------------------------------------------

   FOR ACCOUNTS: CM00  COSTS                  $40.00


*** BALANCE DUE ON THIS CASE IS:        $132.00 ***

RECEIVED BY: KEJ

STATE OF ALABAMA

**ORDER FOR DOMESTIC VIOLENCE
INTERVENTION PROGRAM**

IN THE DISTRICT COURT OF
TUSCALOOSA COUNTY, ALABAMA

VS.

CASE NO.   DC 98-424

Richard James Marshall
DEFENDANT.

## ORDER

The Defendant is hereby ordered to the **Domestic Violence Intervention Program**. Accordingly, the Defendant is ORDERED to do each of the following:

1.      Within Seven (7) days of today's date, you will go to Family Counseling Service and pay the fee ($30) to set up your screening interview. You must take this order with you. **You do not need to call.** Family Counseling Service is located at 2020 Bryant Drive, Tuscaloosa, Alabama, 35401, one block west of Alabama Power Company. Office hours are 9:00 A.M. until 4:30 P.M. Monday through Friday.    752-2504

2.      You will attend each scheduled meeting as recommended by the staff of Family Counseling Service.  The Domestic Violence Intervention Program is a series of twelve group meetings which you must attend.  You will cooperate fully and honestly and you will follow each rule and recommendation of Family Counseling Service and its staff.

3.      You will pay for the twelve group meetings at Family Counseling Service at $30 per session. You must take the fee with you as you attend each meeting.

4.      Family Counseling Service shall provide a brief written report ( referencing the Defendant's name and case number ) regarding your compliance and progress prior to your return court date.

5.      Failure of the Defendant to attend sessions or cooperate fully shall result in termination from the Domestic Violence Intervention Program and further action by the Court.

6.      ANY VIOLATION OF THIS ORDER, OR ANY FUTURE ILLEGAL ACT, WILL RESULT IN TERMINATION FROM THE PROGRAM, AN ARREST WARRANT BEING ISSUED AND A POSSIBLE JAIL SENTENCE.

**FILED**

7.      You will return on court on ____3-11-____, 19_98_.     FEB 11 1998

Done this ____Feb 11,____, 19_98_.

ELIZABETH HAMNER, CLERK
TUSCALOOSA DISTRICT COURT

DISTRICT JUDGE

Copy to Family Counseling Service with factual narrative and criminal history.

**EXPLANATION OF RIGHTS (Cont'd)**

I know that I am charged with the offense(s) of __Harassment__

_____, and I have read the above Rights Form and am completely knowledgeable about these rights guaranteed me by the Constitution of the United States and the State of Alabama.

I plead    Not Guilty  ☐    Guilty  ☑

I wish to waive my right to be represented by an attorney  ☑

I wish to be represented by an attorney  ☐

_Richard Marshall_
**Defendant**

███████████████████
**Address**

███████████████████
**Phone Number**

_Pite Aide_
**Employer**

_____
**Attorney for defendant**

**FILED**

FEB 1 1 1998

ELIZABETH HAMNER, CLERK
TUSCALOOSA DISTRICT COURT

Case 2:08-cr-00049-MEF-SRW   Document 40   Filed 01/13/09   Page 17 of 28

| State of Alabama Unified Judicial System Form C-52   Rev 7/80 | CONSOLIDATED BOND (District Court, Grand Jury, Circuit Court) | Case Number AT 5176 ID   YR   Number |
| --- | --- | --- |

IN THE **District** COURT OF **Tuscaloosa** COUNTY

STATE OF ALABAMA                                           VS.

We **Richard James Marshall** (Defendant) as principal and **The Undersigned** as sureties agree to pay the State of Alabama **Five Hundred Dollars** (**500.00**) Dollars unless the above named defendant appears before the District Court of said County on (Date) **1-11-98** at (Time) **9:00 am** or at the next session of circuit court of said county; there to await the action by the grand jury and from session to session thereafter until discharged by law to answer to the charge of **Harassment (DV)** or any other charge. We hereby severally certify that we have property over and above all debts and liabilities to the amount of the above bond. We waive the benefit of all laws exempting property from levy and sale under execution or other process for the collection of debt, by the Constitution and Laws of the State of Alabama, and we especially waive our rights to claim exempt our wages or salary, that we have under the laws of Alabama.

It is agreed and understood that this is a continuing bond which shall continue in full force and effect until such time as the undersigned are duly exonerated.

**Richard James Marshall** (L.S.)
Signature of Defendant  Richard James Marshall          Address (Print)                City

**Nobel Ins Co / Jack Humphries** (L.S.)
Signature of Surety  (Jack Humphries)                   Address (Print)                City

                                                        JACK HUMPHRIES
                                                        NOBEL INSURANCE CO.

_____ (L.S.)
Signature of Surety                                     Address (Print)                City

FILED

_____ (L.S.)
Signature of Surety                                     Address (Print)                City
                                                        JAN 1 3 1998

_____ (L.S.)
Signature of Surety                                     Address (Print)                City
                                                        ELIZABETH HAMNER, CLERK
                                                        TUSCALOOSA DISTRICT COURT

**1-10-98**
Date

                                                        **Edmond M Sexton Sr.**
                                                        Approved by: Sheriff/Judge
                                                        **Charlie L Phillips Jr.**
                                                        By: Deputy Sheriff

Disclosure of your Social Security Number is voluntary; it will be used only for identification purposes in regards to your release on bond.

| Defendant's Information | |
| --- | --- |
| DOB | Sex **Male** |
| S. S. No. | Race **Black** |
| DL No.                State ( **Al** ) | Phone No. |

☐ Appearance Bond-Cash       ☐ Appearance Bond-Recognizance       ☐ Bail Bond-Cash

CONSOLIDATED BOND
COURT RECORD (White)   DEFENDANT (Canary)                                        SD-137-Drake

Case 2:08-cr-00049-MEF-SRW   Document 40   Filed 01/13/09   Page 18 of 28

W A R R A N T

STATE OF ALABAMA           TUSCALOOSA COUNTY          DISTRICT  COURT
AGENCY NUMBER: 9801032              WARRANT NUMBER: WR 98 000118.00
                                    OTHER CASE NBR:

TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA:

YOU ARE HEREBY COMMANDED TO ARREST   RICHARD JAMES MARSHALL   AND BRING
HIM/HER BEFORE THE DISTRICT  COURT OF TUSCALOOSA COUNTY TO ANSWER THE STATE
OF ALABAMA ON A CHARGE(S) OF:
                HARASSMENT  CLASS:C  TYPE:M
AND HAVE YOU THEN AND THERE THIS WRIT WITH YOUR RETURN  THEREON.

YOU WILL RECEIVE UNTO YOUR CUSTODY AND DETAIN HIM/HER UNTIL THE
_____ DAY OF _____ 19____, OR UNTIL LEGALLY DISCHARGED.

DATED THIS 16 DAY OF JANUARY, 1998.

BOND SET AT: (1)        $500.00   BOND TYPE:
             (2) _____
             (3) _____

JUDGE/CLERK/MAGISTRATE OF DISTRICT  COURT

---

CHARGES: HARASSMENT        13A-011-008 (A)(I)    M  MISDEMEANOR

---

NAME: RICHARD JAMES MARSHALL            ALIAS:
ADDRESS:                                ALIAS:
ADDRESS:
CITY:                    STATE:         ZIP: 00000 0000
EMPLOYMENT:
DOB:               RACE: B    SEX: M    HAIR:
EYE:      HEIGHT: 0'00"  WEIGHT: 000
SID: 000000000  SSN: 000000000

---

E X E C U T I O N

EXECUTED THE WITHIN WARRANT BY ARRESTING THE DEFENDANT AND

( X )  PLACING DEFENDANT IN THE TUSCALOOSA COUNTY JAIL

(   )  RELEASING DEFENDANT ON APPEARANCE BOND

_____

THIS __16__ DAY OF _January_ 19 _98_

SHERIFF _____

_Ronald R. Anders_   NTAPD.

---

COMPLAINANT:   RONALD ANDERS

**FILED**

OPERATOR: GEB     LAST UPDATE: 011698     JAN 2 1 1998

ELIZABETH HAMNER, CLERK
TUSCALOOSA DISTRICT COURT

```
ALABAMA JUDICIAL INFORMATION SYSTEM

        * * * IN THE DISTRICT COURT OF TUSCALOOSA COUNTY * * *

AGENCY NUMBER: 9801032              WARRANT NUMBER: WR 98 000118.00
                                    OTHER CASE NBR:

                    C O M P L A I N T

BEFORE ME THE UNDERSIGNED JUDGE/CLERK/MAGISTRATE OF THE DISTRICT  COURT OF
TUSCALOOSA COUNTY, ALABAMA, PERSONALLY APPEARED   RONALD ANDERS
WHO BEING DULY SWORN DEPOSES AND SAYS THAT HE/SHE HAS PROBABLE CAUSE FOR
BELIEVING, AND DOES BELIEVE THAT   RICHARD JAMES MARSHALL
WHOSE NAME IS OTHERWISE UNKNOWN TO THE COMPLAINANT

DID ON OR ABOUT     011098          , WITH THE INTENT TO HARASS, ANNOY OR
ALARM ANOTHER PERSON, TO-WIT:  SHERVON BAITY                , DID EITHER
(X)  STRIKE, SHOVE, KICK OR OTHERWISE TOUCH THE SAID SHERVON BAITY
     OR SUBJECT HIM/HER TO PHYSICAL CONTACT BY STRIKING HER WITH HIS HANDS
                                                                    ; OR,
( )  DIRECT ABUSIVE OR OBSCENE LANGUAGE, MAKE AN OBSCENE GESTURE OR A
     THREAT, TO-WIT:
     TOWARD ANOTHER PERSON, TO-WIT:
IN VIOLATION OF 13A-011-008 (A)(1)            OF THE CODE OF ALABAMA,
AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA.
```

                              _Ronald E. Anders_
                              COMPLAINANT'S SIGNATURE

```
SWORN TO AND SUBSCRIBED BEFORE ME THIS THE 16 DAY OF JANUARY, 1998.
```

_Jane Brown_
```
JUDGE/CLERK/MAGISTRATE OF DISTRICT  COURT

CHARGES: HARASSMENT              13A-011-008 (A)(1)    M  MISDEMEANOR

WITNESS FOR THE STATE

RONALD ANDERS/UA PD/UNI OF ALABAMA/35486
SHERVON BAITY/
```

```
OPERATOR: GEB    DATE: 01/16/98
```

Case 2:08-cr-00049-MEF-SRW   Document 40   Filed 01/13/09   Page 20 of 28

# ALABAMA UNIFORM INCIDENT/OFFENSE REPORT

| | |
|---|---|
| 2 CASE # | 9,8,-,0,1,-,0,3,2 |

ORI #: 0,6,3,0,3,0,0,0

DATE AND TIME OF THIS REPORT: 0,1,1,0,9,8  0235

AGENCY NAME: Univ. OF AL DEPT OF PUBLIC SAFETY

REPORTED BY: VICTIM OR — BAILY, KIARA

VICTIM (LAST, FIRST, MIDDLE NAME): BAILY SHERION R

EMPLOYER/SCHOOL: UNIV OF AL STUDENT

OCCUPATION: STUDENT

AGE: 28

WAS OFFENDER KNOWN TO VICTIM?

VICTIM WAS (EXPLAIN RELATIONSHIP): Girl friend

TYPE INCIDENT OR OFFENSE: Domestic Violence Harassment

STATE CODE/LOCAL ORDINANCE: 13A-11-8(b)

PLACE OF OCCURRENCE: NONE

OCCURRED ON OR BETWEEN: 0,1,1,0,9,8 TIME 01:05 — 0,1,1,0,9,8 TIME 01:53

TIME: 28

LOCATION: RAPE

WEAPON USED: HANDS, FISTS, VOICE, ETC.

## PROPERTY DESCRIPTION

## DOLLAR VALUE

FILED
JAN 21 1998
ELIZABETH HAMNER-BURR
TUSCALOOSA DISTRICT COURT

## VEHICLES

# YR STOLEN: NONE

TYPE OR PRINT IN BLACK INK

ACJIC—32 REV 8-96

INCHES     1     2     3     4     5     6

Case 2:08-cr-00049-MEF-SRW   Document 40   Filed 01/13/09   Page 21 of 28

**ALABAMA UNIFORM INCIDENT/OFFENSE REPORT SUPPLEMENT**

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

| 1 ORI # | 2 AGENCY NAME | 3 DATE AND TIME OF REPORT | 4 AM PM | 5 CASE # | 6 BRX |
|---|---|---|---|---|---|
| 0 4 3 0 3 0 6 | Univ. of Al Dept of Public Safety | 0 1 1 0 9 8 0 2 5 | | 9 8 - 0 1 - 0 3 2 | |

**EVENT**

| 7 VICTIM'S NAME (ORIGINAL REPORT) | 8 ORIGINAL OFFENSE DATE | 9 TYPE REPORT |
|---|---|---|
| Bray, Sherrian P. | 0 1 1 0 9 8 | ☒ CONTINUATION ☐ FOLLOW-UP |

| 9 ORIGINAL INCIDENT/OFFENSE | 10 UCR CODE | 11 STATE CODE/LOCAL ORDINANCE |
|---|---|---|
| Domestic Violance | | 13A-11-8(b) |

| 12 NEW INCIDENT/OFFENSE | 13 UCR CODE | 14 STATE CODE/LOCAL ORDINANCE |
|---|---|---|
| warrant | | |

| 15 HAS AN ARREST BEEN MADE? | 16 DATE OF ARREST | 17 HAS WARRANT BEEN OBTAINED? | 18 DATE OF WARRANT | 19 PRIOR PREMISE | TEAR WEAPON |
|---|---|---|---|---|---|
| ☒ YES ☐ NO | 0 1 1 0 9 8 | ☐ YES ☒ NO WARRANT # | D D Y Y | | |

| 20 ☒ DEFENDANT ☐ SUSPECT | 21 ☐ DEFENDANT ☐ SUSPECT |
|---|---|
| NAME Richard J. Marshall | NAME |

| RACE B/W A | SEX M F | DOB | AGE 23 | RACE W A | SEX M F | DOB M D Y | AGE |
|---|---|---|---|---|---|---|---|

**NARRATIVE**

A GOLD CHAIN HAD BEEN PULLED FROM THE VICTIMS NECK AND HER TEE SHIRT
HAD BEEN TORN OFF. WRITER ARRESTED THE LISTED SUSPECT AND TRANSPORTED
HIM TO THE TUSCALOOSA COUNTY JAIL AND PLACED INTO THE CUSTODY OF JAIL
STAFF. THE SUSPECT WAS PLACED IN ON A COUNTY ARREST TICKET # 5776 WITH
A $500⁰⁰ CASH BOND. THE WARRANT WILL BE OBTAINED THROUGH THE CITY
WARRANT CLERK. PHOTOGRAPHS AND A WRITTEN STATEMENT WAS OBTAINED
FROM THE VICTIM. THE VICTIMS TORN SHIRT WAS TAGGED AND PLACED IN THE
EVIDENCE LOCKER.

| 32 LOCAL USE | | | | |
|---|---|---|---|---|

| 33 STATE USE | | | | |
|---|---|---|---|---|

**DOLLAR VALUE**

| 34 MOTOR VEHICLE | 35 CURRENCY, NOTES | 36 JEWELRY | 37 CLOTHING/FURS | 38 FIREARMS | 39 OFFICE EQUIPMENT |
|---|---|---|---|---|---|
| | | | | | |

| 30 ELECTRONICS | 31 HOUSEHOLD | 32 CONSUMABLE GOODS | 33 LIVESTOCK | 34 MISCELLANEOUS |
|---|---|---|---|---|
| | | | | |

FILED
JAN 28 1998
ELIZABETH...
...DISTRICT COURT

| MOTOR VEHICLE RECOVERY ONLY RECOVERED FOR YOUR UCR CODE | 35 MOTOR VEH. STOLEN IN YOUR JURISDICTION? ☐ WHERE? | 36 RECOVERED IN YOUR JURISDICTION? ☐ WHERE? |
|---|---|---|

**MULTIPLE CASES CLOSED**

| 37 CASE # | 38 BRX | 39 CASE # | 40 BRX | 41 CASE # | 42 BRX | 43 ADDITIONAL CASES CLOSED NARRATIVE PAGE # |
|---|---|---|---|---|---|---|

**ADMINISTRATIVE**

| CASE STATUS ☐ PENDING ☐ INACTIVE ☒ CLOSED | CASE DISPOSITION | EXCEPTIONAL CLEARANCE | 44 REPORTING OFFICER R. R. Sanders | 40 |
|---|---|---|---|---|
| ☐ CLEARED BY ARREST (JUV) | ☐ SUSPECT/OFFENDER DEAD | |
| ☒ CLEARED BY ARREST (ADULT) | ☐ OTHER PROSECUTION | 47 ASSISTING OFFICER F. D. Kirsh | 84 |
| ☐ ENTERED AGENCY/ID DATE | ☐ UNFOUNDED | ☐ EXTRADITION DENIED ☐ LACK OF PROSECUTION | |
| | ☐ ADM. CLEARED | ☐ JUVENILE, NO REFERRAL ☐ DEATH OF VICTIM | 48 SUPERVISOR APPROVAL 44 | 46 | 49 WATCH CMDR. |

TYPE OR PRINT IN BLACK INK ONLY

ACJIC—35 REV. 11-84



# FAMILY COUNSELING SERVICE

2020 BRYANT DRIVE
TUSCALOOSA, AL 35401
205/752-2504

## VERIFICATION OF PARTICIPATION

Family Counseling Service
Board of Directors

*President:*
Jennie Watson

*Vice President:*
Nannette Carlson

*Treasurer:*
Ted Ingram

*Secretary:*
David Tunstall

Eddie Burton
Lacy Culpepper
James Ford
Kathryn Harwood
Greg Kimball
James Robinson
Carl Albright, Jr.
Keith Boyce
Sanford K. Center
Everett Hix
Tad Northington
Sue Shelton
Steve Wilson
J. Baylen Roselle
J.D. Lou Bumbfield, III
Thomas F. Reuter
Riley Laughlin
Dona Prince
Gilbert Restall
Constance Washington
Wilford W. Yerrips

*Executive Director:*
George C. Shelton

To: _Tuscaloosa District Judge Chandler_

From: _Jacueline Hill msw, lcsw_
Group Leader

Subject: _Richard Marshall_

Case#: _DC 98 - 724_

    This letter is to verify that the above named client is currently participating in the Domestic Violence Intervention Program.  This program ends on _May 25, 1998_ and the final report will follow within 14 days.
    If there is additional information I can provide, please feel free to contact me at 752-2504.

_4/13/98_
Date

_Jacueline Hill msw_
Group Leader

# FILED
APR 1 5 1998

ELIZABETH HAMNER, CLERK
TUSCALOOSA DISTRICT COURT

MEMBER AGENCY UNITED WAY 

**ALABAMA UNIFORM ARREST REPORT**

| Fingerprinted | RB4 Completed |
|---|---|
| ☐ Yes  ☒ No | ☐ Yes  ☒ No |

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

| 1 ORI # | 2 AGENCY NAME | 3 CASE # | 4 SPX |
|---|---|---|---|
| 0 1 3 3 2 0 | Univ of Alabama Dept of Public Safety | 9 8 0 1 0 3 2 | |

**IDENTIFICATION**

5 LAST, FIRST, MIDDLE NAME: MARSHALL Richard James
6 ALIAS AKA: NONE

| 7 SEX ☒M ☐F | 8 RACE ☒W ☐B | 9 HGT. 509 | 10 WGT. 190 | 11 EYE Brown | 12 HAIR Black | 13 SKIN Dark | 14 | ☐ SCARS | ☐ MARKS | ☐ TATOOS | ☐ AMPUTATIONS |

15 PLACE OF BIRTH (CITY, COUNTY, STATE): Selma Alabama
16 SSN:
17 DATE OF BIRTH:
18 AGE: 23
19 MISCELLANEOUS ID #

| 20 SID # | 21 FINGERPRINT CLASS KEY   MAJOR   PRIMARY   SECDY   SUB-SECONDARY   FINAL | 22 DL# | 23 ST AL |
| | HENRY CLASS | | |
| 24 FBI # | NCIC CLASS | 25 IDENTIFICATION COMMENTS | |

26 RESIDENT ☒ NON-RESIDENT
27 HOME ADDRESS (STREET, CITY, STATE, ZIP)
28 RESIDENCE PHONE ( 805 )
29 OCCUPATION (BE SPECIFIC) NONE

30 EMPLOYER (NAME OF COMPANY/SCHOOL) NONE
31 BUSINESS ADDRESS (STREET, CITY, STATE, ZIP)
32 BUSINESS PHONE

**ARREST**

33 LOCATION OF ARREST (STREET, CITY, STATE, ZIP)
34 SECTOR #
35 ARREST IN YOUR JURISDICTION? ☒ YES  ☐ NO
☐ OUT STATE
☐ OTHER AGENCY

| 36 CONDITION OF ARRESTEE ☐ DRUNK ☐ DRINKING ☐ DRUGS | 37 SOBER ☐ YES ☐ NO | 38 RESIST ARREST? ☐ OFFICER ☐ ARRESTEE | 39 INJURED? ☐ Y ☐ N | 40 NONE | 41 ARMED? ☐ Y ☐ N | 42 DESCRIPTION OF WEAPON ☐ HANDGUN   ☐ OTHER FIREARM ☐ RIFLE       ☐ OTHER WEAPON ☐ SHOTGUN |

43 DAYS OF ARREST 04 11 98
44 TIME OF ARREST 02 15 ☐AM ☐PM ☐MIL.
45 DAY OF ARREST S M T W T F S
46 TYPE ARREST ☐ ON VIEW ☐ WARRANT
47 ARRESTED BEFORE? ☐ YES ☐ NO ☐ UNKNOWN

| 50 CHARGE—1 ☐ FEL ☒ MISD Domestic Violence Harassment | 51 UCR CODE | 52 CHARGE—2 ☐ FEL ☒ MISD NONE | 53 UCR CODE | 58 UCR CODE | 59 DATE ISSUED M D Y |
| 54 STATE CODE/LOCAL ORDINANCE 13A-11-8-(b) | 55 WARRANT # | 56 STATE CODE/LOCAL ORDINANCE | 57 WARRANT # | | |
| 60 CHARGE—3 ☐ FEL ☐ MISD NONE | 61 UCR CODE | 62 CHARGE—4 ☐ FEL ☐ MISD NONE | 63 UCR CODE | 68 UCR CODE | 69 DATE ISSUED M D Y |
| 64 STATE CODE/LOCAL ORDINANCE NONE | 65 WARRANT # | 66 STATE CODE/LOCAL ORDINANCE NONE | 67 WARRANT # | | |

| 80 ARREST DISPOSITION ☒ HELD ☐ BAIL ☐ RELEASED ☐ TOT—LE ☐ OTHER | 87 IF OUT ON RELEASE WHAT TYPE? | 88 ARRESTED WITH (1) ACCOMPLICE (FULL NAME) |
| | | 88 ARRESTED WITH (2) ACCOMPLICE (FULL NAME) |

**VEHICLE**

| 70 YR | 71 YMA | 72 YMO NONE | 73 VST | 74 VCO TOP BOTTOM | 75 TAG # | 76 LIS | 77 LIY |
| 78 VIN | | | | | 79 IMPOUNDED? ☐ YES ☐ NO | 80 STORAGE LOCATION/IMPOUND # | |

81 OTHER EVIDENCE SEIZED/PROPERTY SEIZED
☐ CONTINUED IN NARRATIVE

**JUVENILE**

| 82 JUVENILE DISPOSITION: ☐ HANDLED AND RELEASED ☐ REF. TO JUVENILE COURT | ☐ REF. TO WELFARE AGENCY ☐ REF. TO OTHER POLICE AGENCY | ☐ REF. TO ADULT COURT |
| 84 PARENT OR GUARDIAN (LAST, FIRST, MIDDLE NAME) | 85 ADDRESS (STREET, CITY, STATE, ZIP) | 86 PHONE |
| 87 PARENTS EMPLOYER | 88 OCCUPATION | 89 ADDRESS (STREET, CITY, STATE, ZIP) |

FILED
JAN 21 1998
ELIZABETH HAMNER CARTER
TUSCALOOSA DISTRICT COURT

**RELEASE**

| 90 DATE AND TIME OF RELEASE ☐ AM ☐ PM ☐ MIL. | 92 RELEASING OFFICER NAME | 93 AGENCY/DIVISION |
| 95 RELEASED TO: | 96 AGENCY/DIVISION | 97 AGENCY ADDRESS |
| 98 PERSONAL PROPERTY RELEASED TO ARRESTEE ☐ YES ☐ NO ☐ PARTIAL | 99 PROPERTY NOT RELEASED/HELD AT? | 100 PROPERTY # |

101 REMARKS (NOTE ANY INJURIES AT TIME OF RELEASE)

| 102 SIGNATURE OF RECEIVING OFFICER | 103 SIGNATURE OF RELEASING OFFICER | LOCAL USE | |
| | | STATE USE | |

| MULTIPLE CASES CLOSED | 104 CASE # | 105 SPX | 106 CASE # | 107 SPX | 108 CASE # | 109 SPX | 110 ADDITIONAL CASES CLOSED CHECKED IF LISTED |

| 111 ARRESTING OFFICER (LAST, FIRST, M.) Anders, Ronald R | 112 ID # 40 | 113 ARRESTING OFFICER (LAST, FIRST, M.) Kirsh, Eric | 114 ID # 54 | 115 SUPERVISOR A ID 46 | 116 WATCH CMDR. |

**TYPE OR PRINT IN BLACK INK ONLY**

ACJIC—34 REV. 10-96

Case 2:08-cr-00049-MEF-SRW   Document 40   Filed 01/13/09   Page 24 of 28

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

**INCIDENT/OFFENSE REPORT CONTINUED**

DATE AND TIME OF REPORT: 07 11 08 02 15

CASE #: 9 8 - 1 0 1 1 - 0 3 2

NAME (LAST, FIRST, MIDDLE): MARSHALL, RICHARD JAMES
NICKNAME/ALIAS: NONE
DOB
AGE: 23

ADDRESS (STREET, CITY, STATE, ZIP): [redacted]
HGT: 5'9"   WGT: 190   EYE: BROWN   HAIR: BLACK   COMPLEXION: DARK

PROBABLE DESTINATION: SAME
WEAPON: NONE

CLOTHING: DARK COLORED CORDUROY PANTS, TEE-SHIRT.

SCARS   MARKS   TATOOS

NAME (LAST, FIRST, MIDDLE): NONE
NICKNAME/ALIAS

ADDRESS (STREET, CITY, STATE, ZIP):

PROBABLE DESTINATION:

CLOTHING:

SCARS   MARKS   TATOOS

**WITNESSES**

| NAME (LAST, FIRST, MIDDLE) SEX, RACE, DOB | ADDRESS (STREET, CITY, STATE, ZIP) | RES. PHONE | BUS. PHONE |
|---|---|---|---|
| #1 BAITY, KIARA | [redacted] | ( ) | ( ) NONE |
| #2 | | ( ) | ( ) |
| #3 | | ( ) | ( ) |
| #4 | | ( ) | ( ) |

WITNESS #1 SSN: NONE   WITNESS #2 SSN:   WITNESS #3 SSN:   WITNESS #4 SSN:

**NARRATIVE**

ON 01/10/08 AT APPROX 0153 M, WRITER R.R. ANDERS RESPONDED TO MCCORVEY AND APT 101 ON A REPORT OF A PHYSICAL ALTERCATION FROM WITNESS #1 THE VICTIMS DAUGHTER. WHEN WRITER ARRIVED AT THE APARTMENT THE VICTIM WAS IN THE HALLWAY WEARING ONLY HER PANTIES AND COVERING HER BREAST WITH A TORN WHITE TEE SHIRT. THE VICTIM STATED SHE AND HER BOYFRIEND RICHARD MARSHALL WAS ARGUING ABOUT SOMETHING THAT OCCURED OVER THE HOLIDAYS WHILE THE VICTIM WAS OUT OF TOWN. VICTIM STATED THE SUSPECT BEGAN HITTING HER WHILE THEY WERE LYING IN BED AND CONTINUED AS SHE CALLED FOR HER DAUGHTER WHO WAS IN THE OTHER BEDROOM. TO CALL THE POLICE. THE VICTIM AND SUSPECT HAVE LIVED TOGETHER FOR THE LAST TWO YEARS. WHILE TALKING WITH THE VICTIM IT WAS NOTICED THAT SHE HAD SWELLING UNDER HER LEFT EYE.    CONTINUED ON SUPPLEMENT

I hereby affirm that I have read this report and that all information given by me is correct to the best of my knowledge. I will assume full responsibility for notifying the agency if any stolen property or missing person happens to be returned.

SIGNATURE: [signature]

**ADMINISTRATION**

CASE STATUS: PENDING / INACTIVE / CLOSED (X) / ENTERED ACIC/NCIC

CASE DISPOSITION: CLEARED BY ARREST (JUV.) / CLEARED BY ARREST (ADULT) / UNFOUNDED / ADM. CLEARED

EXCEPTIONAL CLEARANCE: SUSPECT/OFFENDER DEAD / OTHER PROSECUTION / EXTRADITION DENIED / LACK OF PROSECUTION / JUVENILE, NO REFERRAL / DEATH OF VICTIM

REPORTING OFFICER: R.R. ANDERS   40
ASSISTING OFFICER: F.D. KIRSH   54
SUPERVISOR APPROVAL: A7   46   WATCH CMDR.

Case 2:08-cr-00049-MEF-SRW   Document 40   Filed 01/13/09   Page 25 of 28

STATE OF ALABAMA,

vs.

Richard James Marshall
Defendant

IN THE DISTRICT COURT OF
TUSCALOOSA COUNTY

Case Number    DC 98-424

### EXPLANATION OF RIGHTS

You have a complaint filed against you which is a misdemeanor offense. If you plead guilty to said crime, or if the Judge finds that you are guilty of said crime, the law provides for punishment by imprisonment in the County Jail for not less than ___Zero days___

nor more than ___3 months___ for such offense plus a fine of ___-0- to $500.00___ with costs taxed to you.

Under the Constitution of the United States and of the State of Alabama, you have the right or privilege not to be compelled to give evidence against yourself. In the trial of your case before the Judge, you have the right to take the witness stand and to testify on your own behalf, if you so desire, but no one can require you to testify. If you testify, you can be cross-examined by the State. If you do not testify, no one can even comment to the Judge as to your failure to testify. You have the right to remain absolutely silent, but anything that you voluntarily say, with knowledge of your rights may be used against you.

You have the right to have an attorney. If you are unable to afford an attorney because of indigency and face a possible jail sentence, an attorney will be appointed for you without charge, if you so choose. You should advise the court that you would like an attorney appointed and make known to the court whether or not you claim indigency. If you claim indigency, you must complete an affidavit of substantial hardship and submit this form to the court. The court will determine whether or not you are indigent and if so, appoint an attorney to represent you. Your conversations with your attorney are confidential and cannot, and will not, be disclosed by your attorney.

You have the right to stand on your plea of not guilty, and the right to a public trial before the District Court Judge. In a trial, the Judge would determine whether you are guilty or whether you are not guilty, or whether you are innocent, based upon the evidence in the case.

In the trial of your case, you or your attorney could subpoena witnesses to testify on your behalf; make legal objections to matters that you or he felt were objectionable; cross-examine the witnesses of the State; examine your own witnesses, and argue the matter before the Judge. Your attorney would be bound to do everything that he could honorably and reasonably do to see that you obtain a fair and impartial trial.

In the trial of your case, you will come into court clothed with a presumption that you are not guilty and this presumption of innocence will follow you throughout the course of the trial until the evidence produced by the State convinces the Judge beyond a reasonable doubt of your guilt.

The burden of proof is upon the State of Alabama to convince the Judge from the evidence in the case that you are guilty beyond a reasonable doubt before the Judge would be authorized to find you guilty. If the State does not meet such burden of proof, it will be the Judge's duty to find you not guilty. You will have no burden of proof whatsoever in your trial.

To the charges set forth in the complaint, you have the right to enter a plea of guilty, not guilty, not guilty by reason of insanity or any other special plea. You should enter a plea of guilty only if you are actually guilty of said crime. If you are in doubt as to whether you are or are not guilty, this court suggests that you enter a plea of not guilty and require the prosecution to prove its case against you.

Your attorney will go over these rights with you, but if you have any questions about any of them, please ask the undersigned Judge and he will make further explanation thereof to you.

If you plead not guilty and are found guilty by the Judge, then you have 14 days to appeal the Judgment to the Circuit Court and have it tried before a jury.

This the ___11___ day of ___Feb___ 19__98__

District Judge of Tuscaloosa County Alabama

Case 2:08-cr-00049-MEF-SRW   Document 40   Filed 01/13/09   Page 26 of 28

## ALABAMA UNIFORM INCIDENT/OFFENSE REPORT

| Field | Value |
|---|---|
| INCIDENT / OFFENSE / SUPPLEMENT | ☐ INCIDENT ☑ OFFENSE |
| CASE # | 9,8,-,0,1,1,-,0,3,2 |
| ORI # | 0,6,3,0,3,0,0 |
| DATE AND TIME OF THIS REPORT | 0 1 1 0 9 8 0815 |
| AGENCY NAME | UNIV OF AL DEPT OF PUBLIC SAFETY |
| VICTIM (LAST, FIRST, MIDDLE NAME) | BAILY KIARA |
| ADDRESS (STREET, CITY, STATE, ZIP) | |
| EMPLOYER/SCHOOL | UNIV OF AL STUDENT |
| OCCUPATION | |
| AGE | 28 |
| WAS OFFENDER KNOWN TO VICTIM? | ☐ Y ☑ N |
| VICTIM WAS (EXPLAIN RELATIONSHIP) | GIRLFRIEND |
| TYPE INCIDENT OR OFFENSE | DOMESTIC VIOLENCE - HARASSMENT ☐ FEL. ☑ MISD. |
| DEGREE (CIRCLE) | 1 2 3 |
| STATE CODE/LOCAL ORDINANCE | 13A-11-8(b) |
| PLACE OF OCCURRENCE | NONE |
| SECTOR | 311 |

**EVENT**

| Field | Value |
|---|---|
| POINT OF ENTRY | ☐ DOOR ☐ ROOF ☐ WINDOW ☐ OTHER |
| METHOD OF ENTRY | ☐ FORCIBLE ☐ ATT. FORCIBLE ☐ NO FORCE |
| ASSAULT | ☐ SIMPLE ☐ AGGR. |
| TREATMENT FOR ASSAULT INJURY | ☐ Y ☐ N |
| OCCURRED ON OR BETWEEN | 0 1 1 0 9 8   01:45   0 1 1 0 9 8   01:53 |

LIGHTING ☐ WEATHER ☐ PREMISES ☐

| VERIFY FOR | ☐ Y ☐ N |
| THREAT. FOR | ☐ Y ☐ N |
| CIRCUMSTANCES  HOMICIDE & ASSAULT | |
| RAPE EXAM | ☐ Y ☐ N | RAPE INJURY | ☐ Y ☐ N | LOCATION: RAPE | |

WEAPON USED ☐ FIREARM ☐ KNIFE ☐ HANDS, FISTS, VOICE, ETC. ☐ OTHER DANGEROUS

DESCRIPTION OF WEAPONS/FIREARMS/TOOLS USED IN OFFENSE ☐ HANDGUN ☐ RIFLE ☐ SHOTGUN ☐ UNKNOWN

**PROPERTY DESCRIPTION**

| QUANTITY | STOLEN, RECOVERED, LOST, FOUND OR DESTROYED (INCLUDE MAKE, MODEL, SIZE TYPE, SERIAL NUMBER, COLOR, ETC.) | DOLLAR VALUE | | RECOVERED | |
|---|---|---|---|---|---|
| | | STOLEN | DAMAGED | DATE | VALUE |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

☐ CONTINUED IN NARRATIVE

**DOLLAR VALUE**

| MOTOR VEHICLE | CURRENCY, NOTES | JEWELRY | CLOTHING/FURS | FIREARMS | OFFICE EQUIPMENT |
|---|---|---|---|---|---|
| ELECTRONICS | HOUSEHOLD | CONSUMABLE GOODS | LIVESTOCK | MISCELLANEOUS | |

*FILED*

*JAN 21 1998*

*ELIZABETH HAMNER, CLERK*
*TUSCALOOSA DISTRICT COURT*

**VEHICLES**

CHECK CATEGORIES ☐ STOLEN ☐ RECOVERED ☐ SUSPECT VEH. ☐ VICTIM'S VEH. ☐ UNAUTH. USE ☐ ABANDONED

| STOLEN | LIC. | LIC. | LIY. | TAG COLOR | VIN | |
|---|---|---|---|---|---|---|
| YR | VMA | VMO | VST | VCO | | ADDITIONAL DESCRIPTION |
| NONE | | | | | TOP  BOTTOM | |

TYPE OR PRINT IN BLACK INK

ACJIC—22 REV 6-95

INCHES   1   2   3   4   5   6



**FAMILY COUNSELING SERVICE**
2020 Bryant Drive
Tuscaloosa, Alabama 35401
(205) 752-2504

Date: _5 - 29 - 98_

To: Judge Joel Chandler
Tuscaloosa District Court

FILED
JUN 1 0 1998
ELIZABETH HARPER, CLERK
TUSCALOOSA DISTRICT COURT

From: Jacqueline Hill ms
Group Leader

Re: Richard James Marshall          Case #: DC98-424

**ATTENDANCE:**

__12__ of 12 Sessions        __∅__ Make-Up Session        __1__ Tardy

| PERFORMANCE EVALUATION | No Progress | Poor | Average | Good | Excellent |
|---|---|---|---|---|---|
| Accepting responsibility for behavior | 1 | (2) | 3 | 4 | 5 |
| Recognition of violence as unacceptable | 1 | 2 | (3) | 4 | 5 |
| Increased ability to use nonviolent behavior | 1 | 2 | (3) | 4 | 5 |
| Modifying attitude towards opposite sex | 1 | (2) | 3 | 4 | 5 |
| Accepting partnership view in relationships | 1 | 2 | (3) | 4 | 5 |
| Development of assertive skills | 1 | (2) | 3 | 4 | 5 |
| Development of communication skills | 1 | (2) | 3 | 4 | 5 |
| Recognizing irrational thoughts | 1 | 2 | (3) | 4 | 5 |
| Changing irrational thoughts | 1 | 2 | (3) | 4 | 5 |
| Development of negotiation skills | 1 | (2) | 3 | 4 | 5 |
| Development of problem-solving skills | 1 | 2 | (3) | 4 | 5 |
| Recognition of stages of abuse cycle | 1 | (2) | 3 | 4 | 5 |
| Participation in class discussion | 1 | 2 | (3) | 4 | 5 |
| Progress demonstrated in homework | 1 | (2) | 3 | 4 | 5 |
| Completion of homework | 1 | 2 | (3) | 4 | 5 |
| Progress demonstrated in class discussion | 1 | (2) | 3 | 4 | 5 |
| Progress demonstrated in interaction with group leaders | 1 | (2) | 3 | 4 | 5 |
| Victims report of clients progress | 1 | 2 | 3 | 4 | 5 |

Name: Richard James Marshall          Case #: DC98-424

## DISCHARGE RECOMMENDATIONS
_____ Voluntary AA
_____ Voluntary Marriage Counseling
_____ Voluntary Individual Counseling
_____ Other: _____

## REFERRAL TO MONTHLY DVIP FOLLOW-UP
✓ 3 Months                    _____ 12 Months
_____ 6 Months                _____ No Further Recommendations
_____ Full Probationary Period

## COMMENTS/NARRATIVE ASSESSMENT

Mr. Marshall's written and verbal responses during his DVIP participation indicated that he seemed to continue to focus on who his partner(s) are, and their behavior(s) as a determinant of his behavior. He expressed little motivation for engage in behavior change activities.

Completion of the Domestic Violence Intervention Program is no guarantee of a change in the participant's behavior. The program seeks to offer education and insight to encourage change, but the actual change is at the discretion of each participant and remains beyond the ability of this program to control.